I concur in the opinion, including the conclusion, expressed in Part II, that "notes made by Dr. Corbett in preparation for a meeting of MOG to discuss Dr. Corbett's job performance, as well as notes made by Dr. Madonia at that meeting, fall outside the scope of § 22-21-8, Ala. Code 1975," and I write simply to express an additional rationale in support of that holding. *Page 250 
In my view, even if the term "medical staff," as used in § 22-21-8, could be construed to apply to the setting of private offices of physicians who have organized as a professional corporation, the notes made by Dr. Corbett and Dr. Madonia would nonetheless fail to qualify as materials protected from discovery by that Code section. This is because the "quality assurance . . . materials" protected from discovery by § 22-21-8(b) are those defined by subsection (a), specifically such materials as were "prepared by an employee, advisor or consultant of a hospital, clinic, or medical staff and . . . materials prepared by anemployee, advisor, or consultant of an accrediting, quality assurance or similar agency or similar body and . . . any individual who is anemployee, advisor or consultant of a hospital, clinic, medical staff or accrediting, quality assurance or similar agency or body." (Emphasis supplied.) It is undisputed that both Dr. Corbett and Dr. Madonia were employees of Mobile OB-GYN, P.C. Dr. Madonia was president of the professional corporation and was also a shareholder in it, but Dr. Corbett was neither an officer nor a shareholder. Dr. Corbett's affidavit states that she prepared her notes "to make a presentation to my group concerning this case." She made that presentation at the meeting held on March 9, 1998. It was at that meeting that Dr. Madonia himself made notes. MOG notes in its brief that "[t]his meeting was attended only by Dr. Corbett and the other six physicians in the group." Those other six physicians were Drs. Madonia, Haines, Harlin, Inge, Koch, and Plessela. Dr. Madonia states in the affidavit he separately filed in opposition to the request for discovery from MOG, that this meeting was "attended by the medical staff of MOG, P.C., and no one else." Although Dr. Corbett clearly was a member of the medical staff, she just as clearly was not an employee of it. Dr. Madonia likewise was a member of the medical staff, but not an employee of it. Rather, they both were employees only of MOG. The plain language of § 22-21-8(a) does not include, within the protected categories of quality assurance materials, those prepared by an employee of a professional corporation, as opposed to materials prepared by an employee of a hospital, clinic, or medical staff. Neither MOG nor Dr. Corbett has contended that MOG would qualify as a "hospital" or a "clinic," and neither has contended that Dr. Corbett and/or Dr. Madonia was serving as an advisor or consultant to the medical staff of MOG. Their contention is solely that the notes of Dr. Corbett and Dr. Madonia are insulated from discovery because, they say, the meeting in question was that of the "medical staff." The notes prepared by these two physicians would be protected from discovery by § 22-21-8(b), as read in light of (e), only if those physicians had prepared the notes in their capacity as employees of the medical staff, as distinct from the legal entity MOG. The medical staff of MOG, as specifically referenced by Dr. Madonia in his affidavit, comprised a larger group than the shareholders and/or officers of MOG. Dr. Corbett was a member of the medical staff, but was not a shareholder/officer of MOG. Applying the plain language of § 22-21-8, I conclude that, because Dr. Corbett and Dr. Madonia were not employees of the medical staff of MOG, their notes prepared for, or during, the March 9 meeting fall outside the scope of this Code section.